UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS C. SHRADER,<br><br>Petitioner,<br><br>v.<br><br>B.W. PLUMLEY, Warden<br><br>Respondent. | Case No. 1:17-cv-01338-MJS (HC)<br><br>**ORDER DIRECTING CLERK'S OFFICE TO ASSIGN A DISTRICT JUDGE TO THIS MATTER**<br><br>**FINDINGS AND RECOMMENDATION TO DENY PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**(ECF NO. 1)**<br><br>**THIRTY-DAY DEADLINE** |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus under the authority of 28 U.S.C. § 2241. Respondent B.W. Plumley is represented by Rosanne Rust of the United States Attorney's Office, Eastern District of California.

Petitioner filed the instant petition for writ of habeas corpus on October 5, 2017. (Pet., ECF No. 1.) He contends that the Bureau of Prisons miscalculated his sentence in violation of federal law and the order of the sentencing court. On February 13, 2018, Respondent filed a response. (ECF No. 12.) Petitioner then filed a "rebuttal." (ECF No.

14.) The matter is submitted.

I.  **Procedural History and Petitioner's Argument**

Petitioner is in federal custody at the Federal Correctional Institution, Mendota, pursuant to the November 18, 2010 judgment of the United States District Court for the Southern District of West Virginia, convicting him on two counts of stalking through the use of an interstate facility and one count of being a felon in possession of a firearm. (ECF No. 12-1 at 2.) He received a 235-month sentence and a 5-year term of supervised release. (Id. at 3-4.)

Petitioner contends that the 5-year term of supervised release must be deducted from his 235-month prison sentence, so that he serves only 175 months in prison, followed by the 5 years of supervised release. He argues that the sentence, as interpreted by the Bureau of Prisons ("BOP"), instead imposes the 5-year term of supervised release *after* the 235-month prison sentence, in excess of the term allowable under the applicable sentencing guidelines range. It is somewhat unclear whether he contends that the District Court imposed an unlawful sentence, or whether he contends that BOP has misinterpreting the sentencing court's order and therefore improperly calculated his sentence.

II.  **Discussion**

To the extent Petitioner intends to challenge the sentence imposed by the District Court, this Court lacks jurisdiction under § 2241. Petitioner may challenge his sentence by way of 18 U.S.C. § 3742 or 28 U.S.C. § 2255. Except in limited circumstances not presented here, see Alaimalo v. United States, 636 F.3d 1092, 1096 (9th Cir. 2011), Petitioner cannot challenge his sentence in a petition brought pursuant to 28 U.S.C. § 2241. Although Petitioner disavows any intent to challenge the sentence imposed by the District Court, his primary argument is that the sentence, as imposed, is unlawful. The Court cannot, and will not, grant relief on such a claim on the instant petition.

Petitioner instead styles his argument as a challenge to the BOP's calculation of his sentence, not the imposition of the sentence itself. To the extent Petitioner suggests that BOP should have conformed his sentence to the sentencing guidelines, regardless of the sentence actually imposed by the Court, his argument is misplaced. He does not provide, and the Court does not find, authority that would permit BOP to alter a purportedly unlawful sentence to bring it into conformance with the law. Cf. Reynolds v. Thomas, 603 F.3d 1144, 1149 (9th Cir. 2010) ("Once the district court has discharged its sentencing function, the defendant is committed to the custody of the BOP, which has the authority to calculate the defendant's sentences in accordance with the district court's orders, as well as to designate the facility for service of such sentences."), abrogated on other grounds by Setser v. United States, 132 S. Ct. 1463 (2012).

Petitioner next attempts to argue that the sentence actually imposed by the Court required BOP to deduct the five year term of supervised release from his term of incarceration. This argument is not supported by the record. The District Court's Judgment and Conviction Order provides that Petitioner is "committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of TWO HUNDRED THIRTY-FIVE (235) MONTHS." The Order separately provides, "Upon release from imprisonment, the defendant shall be on supervised release for a term of FIVE (5) YEARS." (ECF No. 12-1 at 3-4.) The District Court plainly intended to add the term of supervised release to the 235 month term of imprisonment.

Finally, even if the Court were to reach the merits of Petitioner's claim that the sentence as construed by the BOP exceeds the guidelines, the claim must be rejected. In imposing a term of imprisonment, the Court "may include as part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment." 18 U.S.C. § 3583(a). The Ninth Circuit has rejected the argument that this statute merely affords the sentencing court the "discretion to convert a portion of a term of imprisonment already authorized by a substantive criminal statute into a period of

supervised release." United States v. Montenegro-Rojo, 908 F.2d 425, 432 (9th Cir. 1990)l see also United States v. Soto-Olivas, 44 F.3d 788, 790 (9th Cir. 1995) (affirming that supervised release may be included as a separate part of a defendant's sentence, in addition to his prison sentence). Instead, the Ninth Circuit has concluded that a district court may tack the period of supervised release "onto any term of imprisonment authorized by a substantive criminal statute, even a term near or at the maximum." Montenegro-Rojo, 908 F.2d at 432.

Accordingly, Petitioner is not entitled to relief.

### III. Conclusion and Recommendation

Petitioner has not consented to Magistrate Judge jurisdiction. The Clerk of Court is therefore directed to assign a District Judge to this matter.

Additionally, it is HEREBY RECOMMENDED that the petition for writ of habeas corpus be denied with prejudice.

The findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **thirty** (30) days after being served with the findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: April 4, 2018 /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE