UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS C. SHRADER,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>B.W. PLUMLEY,<br><br>　　　　Respondent. | Case No. 1:17-cv-01338-LJO-JDP (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATION, DENYING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>(ECF No. 16) |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("§ 2241"). On April 5, 2018, the Magistrate Judge issued Findings and Recommendation ("F&Rs") that recommended the petition be denied. ECF No. 16. On April 20, 2018, Petitioner filed timely objections to the F&Rs. ECF No. 17.

This Court conducted a de novo review and adopted the F&Rs on May 10, 2018, ECF No. 19; however, in doing so, the Court's order erroneously incorporated language relevant to a petition for writ of habeas corpus brought by a state prisoner under 28 U.S.C. § 2254. On May 17, 2018, Petitioner filed notice of an appeal, ECF No. 21, and on September 23, 2019, the Ninth Circuit filed a Memorandum Decision vacating this Court's judgment and order, and remanding the matter for this Court "to conduct a de novo review of the findings and recommendations." *Shrader v. Plumley*, 778 F. App'x 460 (9th Cir. 2019). The Ninth Circuit's mandate issued on

November 15, 2019. ECF No. 28.

Petitioner has litigated extensively his current incarceration, including several petitions for writ of habeas corpus under 28 U.S.C. §§ 2241, 2254, and 2255, which often raise similar and overlapping issues to the current petition. As another court noted:

> In addition to the direct appeal of his conviction, Petitioner filed a § 2255 motion in the U.S. District Court for the Southern District of West Virginia. *See Schrader v. United States*, 2016 WL 299036 (S.D. W. Va. January 25, 2016) (No. 1:13–cv–33098), *dismissed,* 668 Fed. Appx. 494 (Mem.) (4th Cir. 2016), *cert. denied*, 2017 WL 844044 (April 3, 2017) (No. 16–8151). *Schrader v. United States*, 2013 WL 4520013 (S.D. W. Va. Aug. 27, 2013) (No. 1:13–cv–09386). A second § 2255 motion, addressing the possible application to Petitioner's sentence of *Johnson v. United States*, 135 S. Ct. 2551 (2015), is presently pending in West Virginia. *Schrader v. United States* (S.D. W. Va. No. 1:16–cv–05559).
>
> Petitioner has filed at least five previous § 2241 petitions, including *Schrader v. Ives* (C.D. Cal. 2:13–cv–01573–PSG–DTB), presenting multiple grounds for relief including the sentencing claim, and four petitions alleging the substantially same sentencing claim as the above captioned petition: *Shrader v. Zuniga*, 2015 WL 1567201 (E.D. Cal. Mar. 25, 2015) (No. 1:15–cv–00439–MJS HC); *Shrader v. Gill*, 2014 WL 7336218 (E.D. Cal. Dec. 22, 2014) (No. 1:14–cv–01269–LJO–MJS HC); *Schrader v. West Virginia* (S.D. W. Va. No. 1:14–cv–25344); and *Schrader v. United States* (S.D. W. Va. No. 1:13–cv–09386). Petitioner also filed a state habeas petition seeking to set aside his 1975 convictions as error. *Shrader v. West Virginia* (W. Va. May 17, 2013) (No. 12–0982) (www.courtswv.gov/supreme-court/memo-decisions/spring2013/12–0982memo.pdf (accessed May 24, 2017)).

*Shrader v. Watson*, No. 1:17-cv-00685-DAD-SKO HC, 2017 WL 2546818, at *1 (E.D. Cal. June 12, 2017) (adopted by court order dated Aug. 24, 2017, ECF No. 13), *appeal dismissed*, 741 F. App'x 481 (Mem.) (9th Cir. 2018). This Court would add the current petition to the list of habeas corpus petitions above, plus the following two petitions: *Shrader v. Watson*, No. 1:17-cv-00685-DAD-SKO HC, 2017 WL 2546818; *Shrader v. Young*, No. 1:19-cv-00644-JLT (HC), 2019 WL 2164636 (E.D. Cal. May 17, 2019), *appeal filed*.

Petitioner's filings have at times been recast or, where appropriate, denied by the reviewing courts after determination that the statutory basis for Petitioner's requested relief was unavailable, given the nature of the claims. Here, to the extent Petitioner challenges the calculation of his release date based on the terms of his incarceration and supervised release, the F&Rs issued by the magistrate judge appropriately analyzed Petitioner's claim as one arising under 28 U.S.C. § 2241 and recommended dismissal of the claim. To the extent Petitioner challenges the inherent validity of the sentence imposed by the trial court, the F&Rs appropriately note relief is not available to Petitioner through his § 2241 petition as he has not presented facts or argument to support analysis under the "savings clause" or "escape hatch" of 28 U.S.C. § 2255. *See Alaimalo v. United States*, 636 F.3d 1092, 1096 (9th Cir. 2011), *opinion amended and superseded*, 645 F.3d 1042 (9th Cir. 2011).

In light of the Ninth Circuit's mandate in this case, and in accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a renewed de novo examination of the case. Having carefully reviewed the entire file again, including Petitioner's objections, the Court concludes that the Findings and Recommendation are supported by the record and proper analysis, and there is no need to modify the Findings and Recommendation.

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of

such person's detention pending removal proceedings.

(c)	(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–

(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

(B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253.

If a court denies a habeas petition on the merits, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of [the petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner's federal habeas corpus petition should be denied debatable or wrong, or that the issues presented are deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Therefore, the Court declines to issue a certificate of appealability.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendation issued on April 5, 2018, ECF No. 16, are ADOPTED IN FULL;

2. The petition for writ of habeas corpus is DENIED;

3. The Clerk of Court is directed to CLOSE the case; and

4. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: **January 22, 2020**     **/s/ Lawrence J. O'Neill**
UNITED STATES DISTRICT JUDGE